UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| JERICHO COMICS & COLLECTIBLES CORP., a New York Corporation doing business as BEST COMICS INTERNATIONAL<br><br>Plaintiff,<br><br>vs.<br><br>DAVE & ADAM'S CARD WORLD LLC<br><br>Defendant. | Case No.: _____ |

**COMPLAINT**

Plaintiff Jericho Comics & Collectibles Corp. doing business as Best Comics International (hereinafter "Best Comics" or "Plaintiff"), as and for its Complaint against Dave & Adam's Card World LLC (hereinafter "Defendant" or "Card World"), alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action brought pursuant to the Lanham Act (15 U.S.C. § 1051 et seq.) and the common law of the states of Maryland and New York to enjoin willful and intentional trademark infringement, unfair competition, and cybersquatting. Plaintiff seeks to recover damages, costs and attorneys' fees, and an accounting of any of Defendant's profits associated with said willful and intentional trademark infringement and unfair competition. Plaintiff also seeks a transfer of the domain name <bestincomics.com> to Plaintiff.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the federal trademark infringement and cybersquatting claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, pendent jurisdiction pursuant to 28 U.S.C. § 1338 to adjudicate the common law infringement, dilution, and unfair competition claims associated therewith.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts upon which this cause is based have been committed, at least in part, in this judicial district.

## THE PARTIES

4. Plaintiff Jericho Comics & Collectibles Corp., doing business as Best Comics International, is an New York corporation with its headquarters office located at 1300 Jericho Turnpike, New Hyde Park, New York 11040.

5. Defendant Dave & Adam's Card World LLC is a New York limited liability company. Its registered address is 55 Oriskany Drive, Tonawanda, New York 14150.

6. Upon information and belief, Defendant engages in business and marketing activities generally nationwide, specifically including in the states of Maryland and New York and in this judicial district, and the acts upon which this cause is based have been committed, at least in part, in this judicial district.

## FACTUAL BACKGROUND

7. Plaintiff operates a retail store which sells comic books, memorabilia, and figurines. Plaintiff also operates a website at <bestcomics.com> and does business throughout the United States.

8. Plaintiff has used the designation BEST COMICS as a service mark for retail store services since at least 1994. As a consequence of such usage, Plaintiff has developed valuable goodwill and common law rights in the service mark BEST COMICS as used in conjunction with such business.

9. Continuously since at least as early as 1994, Plaintiff has used its BEST COMICS mark throughout at least the United States as a mark for retail store services.

10. Because of Plaintiff's long standing use of its BEST COMICS mark, Plaintiff's mark has become well known through the country, and consumers associate the mark BEST COMICS with Plaintiff as the source of retail store services for comic books and other related memorabilia.

11. Recently, on November 20, 2013, Plaintiff filed for federal registration of the BEST COMICS service mark from the United States Patent and Trademark Office, U.S. Serial No. 86/124,232.

12. The mark made the subject of U.S. Serial No. 86/124,232 is the designation BEST COMICS, and the services listed in that registration include "Retail store services featuring comic books, memorabilia, and figurines."

13. Upon information and belief, Defendant operates a retail store which sells comic books, cards, and other comic-related memorabilia.

14. Defendant, a fellow retailer of comic books and comic-related merchandise and memorabilia, is intimately familiar with Plaintiff's excellent reputation and its BEST COMICS mark.

15. Plaintiff and Defendant have attended many of the same trade shows and advertise in the same catalogs.

16. Plaintiff has advertised its business in the Robert M. Overstreet Price Guide for Comic Books for many years. The Overstreet Price Guide has been the preeminent source of comic book pricing information for more than four decades, and practitioners in the comic book industry are well

familiar with this Guide and its advertisers. Last year, Defendant placed an ad in the Overstreet Price Guide and has purchased another advertisement for the 2014 Overstreet Price Guide.

17. Prior to adopting the BEST IN COMICS mark, Defendant operated under the mark CASH FOR COMICS. Operating under the mark CASH FOR COMICS, Defendant attended many of the same trade shows as Plaintiff and advertised in the same catalogs as Plaintiff.

18. Well subsequent to adoption and commencement of the continuous use of the BEST COMICS mark by Plaintiff throughout the United States and Defendant's knowledge thereof, Defendant adopted for use with its business the designation BEST IN COMICS with the intention of trading on Plaintiff's well known BEST COMICS mark.

19. On December 13, 2012, Defendant registered the domain name <bestincomics.com> with Internet registrar Enom, Inc. located on the Internet at www.enom.com.

20. Since registration of the domain name <bestincomics.com>, Defendant has attempted to profit from Plaintiff's well-known mark and website through sales of comic books and other comic-related memorabilia through the website located at <bestincomics.com>.

21. As a consequence of Defendant's registration and use of the domain name <bestincomics.com>, Plaintiff has been unable to register and use said domain name.

22. In 2013, Plaintiff became aware of commercial uses by Defendant of the BEST IN COMICS mark and informed Defendant of the disapproval of the use by Defendant of a mark confusingly similar to Plaintiff's BEST COMICS mark.

23. Plaintiff has made several attempts to contact Defendant and stop the infringing activity, but has been unable to obtain an agreement from Defendant to cease use of the infringing BEST IN COMICS mark.

24. Plaintiff has sent Defendant multiple cease and desist letters demanding that Defendant cease use of the BEST IN COMICS mark.  Defendant has failed to honor Plaintiff's request and has expressly refused to discontinue use of the mark.

25. Defendant continues to use the BEST IN COMICS mark in connection with its retail store services featuring comic books and other comic-related memorabilia and expressly refuses to discontinue all uses.

26. In October 2013, Plaintiff and Defendant both attended the New York Comic Con trade show, and Defendant's booth was located in the same aisle as Plaintiff's. Intending to trade on Plaintiff's reputation and goodwill, Defendant prominently displayed a sign bearing the mark BEST IN COMICS at its booth, which created consumer confusion.

27. At the New York Comic Con show, consumers and dealers asked Plaintiff whether Defendant was somehow affiliated with Plaintiff and if Plaintiff was also operating Defendant's booth.

28. Additionally, after becoming aware of Defendant, one of Plaintiff's suppliers asked Plaintiff whether Defendant was somehow affiliated with Plaintiff.

29. Plaintiff and Defendant will both be attending the Chicago Comic Con trade show in April 2014, and Plaintiff is aware that Defendant again intends to operate its booth under the infringing BEST IN COMICS mark.

30. As a result of Defendant's use of the BEST IN COMICS mark (or any variation thereof) in conjunction with services the same as or similar to those services provided by Plaintiff under its BEST COMICS mark, confusion has occurred and is likely to occur in Maryland and New York and throughout in the United States to the detriment of Plaintiff.

31. Plaintiff has no control over the nature and quality of the good and/or services offered by Defendant under the BEST IN COMICS mark.

32. The activities of Defendant complained of herein constitute infringement of Plaintiff's rights in its BEST COMICS mark as well as unfair competition and cybersquatting.

33. In addition to monetary damages for lost sales to Defendant, Defendant's unlawful activity results in irreparable harm and injury to Plaintiff in that, among other things, it: deprives Plaintiff of its absolute right to determine the manner in which its brand and its image are presented to the general public; deceives and confuses the public as to the origin, sponsorship, and commercial affiliation of Defendant's services; wrongfully prays upon and cashes in on the reputation and commercial value of Plaintiff as well as the exclusive rights in its proprietary BEST COMICS mark; and irreparably harms and injures, or threatens to irreparably harm and injure, the reputation of Plaintiff for providing quality services.

34. The acts complained of herein also have irreparably damaged Plaintiff by placing in the hands of Defendant the brand, reputation and goodwill that have been developed by Plaintiff. These acts tend to destroy the otherwise exclusive association in the eyes of the public between Plaintiff and its BEST COMICS mark and result in the loss of business sales by Plaintiff.

## COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT

35. Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

36. The actions of Defendant constitute the unauthorized use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's BEST COMICS mark, which uses are likely to

cause confusion, mistake or deception of consumers as to the source of services or related products marketed in association with the BEST COMICS mark.

37. Said actions by Defendant has caused Plaintiff irreparable harm and damage and constitute a willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT TWO – FEDERAL UNFAIR COMPETITION

38. Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

39. The actions of Defendant constitute false designations, descriptions, and representations used in commerce tending to cause confusion, mistake, or deception or otherwise create the false impression that Defendant's services rendered under the BEST COMICS mark are affiliated with, sponsored by or approved by Plaintiff.

40. Said actions by Defendant has caused Plaintiff irreparable harm and damage and constitute a willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT THREE – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER STATE LAW

41. Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

42. The actions of Defendant constitute false designations, descriptions, and representations tending to cause confusion, mistake, or deception or otherwise create the false impression that Defendant's services or products rendered under the BEST COMICS mark are affiliated with, sponsored by or approved by Plaintiff.

43.     Said actions by Defendants has caused Plaintiff irreparable harm and damage and constitute a willful violation of the common law generally, and the law of the states of Maryland and New York.

## COUNT FOUR - FEDERAL TRADEMARK CYBERSQUATTING

44.     Each of the foregoing paragraphs of this Complaint is hereby incorporated in this Count by this reference.

45.     By registering <bestincomics.com>, Defendant used a nearly identical and confusingly similar mark to the BEST COMICS trademark of the Plaintiff.

46.     Due to the distinctive nature of the Plaintiff's mark, Defendant's attempts to profit from the BEST COMICS mark, and Defendant's deliberate diversion of consumers interested in the Plaintiff and Plaintiff's services, it is clear that the Defendant acted in bad faith, willfully and wantonly usurping the Plaintiff's mark and goodwill.

47.     Furthermore, the registration of <bestincomics.com> by Defendant despite Defendant's long standing knowledge of Plaintiff and Plaintiff's BEST COMICS trademark demonstrates a willful attempt to profit from the Plaintiff's mark and goodwill.

48.     Defendant's actions have caused irreparable harm and damage to the Plaintiffs.

49.     Said actions constitute a willful violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

## COUNT FIVE – UNLAWFUL, UNFAIR OR DECEPTIVE TRADE PRACTICES

50.     Each of the foregoing paragraphs in this Complaint is hereby incorporated in this Count by this reference.

51. Defendant's use of the BEST IN COMICS mark is an attempt to passes off goods or services as those of the Plaintiff's; causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and tends to represent that goods or services of Defendant have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that Defendant has a sponsorship, approval, status, affiliation, or connection that it does not have with the Plaintiff.

52. Plaintiff has been and, unless the actions of Defendant are enjoined, will continue to be damaged by Defendant's deceptive trade practices.

53. Defendant's actions were willful and have caused irreparable harm and damage to Plaintiff.

54. Said actions constitute a violation of State of Maryland Consumer Protection Act, Md. Code § 13-301 *et seq*. and the State of New York's Unlawful Deceptive Acts & Practices statute, N.Y. Gen. Bus. Law. § 349 *et seq*.

## **COUNT SIX – USE OF A NAME WITH INTENT TO DECEIVE**

55. Each of the foregoing paragraphs in this Complaint is hereby incorporated in this Count by this reference.

56. Defendant's use of the BEST IN COMICS mark is likely to deceive or mislead the public about Defendant's identity.

57. The actions of Defendant constitute create the false impression that Defendant's services or products rendered under the BEST IN COMICS mark are affiliated with, sponsored by or approved by Plaintiff.

58. The actions of Defendant constitute create the false impression that Defendant has a sponsorship, approval, status, affiliation, or connection that it does not have with the Plaintiff.

59. The adoption of the mark BEST IN COMICS and registration of <bestincomics.com> by Defendant despite Defendant's long standing knowledge of Plaintiff and Plaintiff's BEST COMICS trademark demonstrates a willful attempt to deceive consumers about the identity of Defendant and a willful attempt to deceive consumers into thinking that Defendant has a sponsorship, approval, status, affiliation, or connection that it does not have with the Plaintiff in order to increase Defendant's sales at Plaintiff's expense.

60. Plaintiff has been and, unless the actions of Defendant are enjoined, will continue to be damaged by Defendant's actions.

61. Defendant's actions were willful and intentional and have caused irreparable harm and damage to Plaintiff.

62. Said actions constitute a violation of Maryland Consumer Protection Act, Md. Code § 13-301 *et seq*. and N.Y. Gen. Bus. Law. § 133.

WHEREFORE, Plaintiff prays for relief as follows:

1. An order permanently enjoining Defendant, and any of its officers, directors, employees or anyone else in active concert or participation with either of the Defendant, from any commercial use of the BEST IN COMICS mark, or any spurious or colorable imitation thereof, or anything otherwise confusingly similar or virtually identical to Plaintiff's BEST COMICS mark;

2. An order directing Defendant to forfeit and transfer the <bestincomics.com> domain name to Plaintiff;

3.	An award to Plaintiff against Defendant for compensatory damages in an amount to be determined;

4.	An accounting of Defendant's profits attributable to Defendant's unlawful actions;

5.	An award to Plaintiffs of the costs of this action including an award of attorneys' fees; and

6.	Any such other relief deemed equitable and just.

## JURY DEMAND

A trial by jury is requested.

                /s/
B. Aaron Schulman
(D. Md. Bar No. 14070)
E-mail: bschulman@stites.com
Mari-Elise Taube
(Applying for Admission *pro hac vice*)
E-mail: mtaube@stites.com
STITES & HARBISON, PLLC
1199 North Fairfax St., Suite 900
Alexandria, VA 22314
Telephone: (703) 739-4900
Facsimile: (703) 739-9577

COUNSEL FOR PLAINTIFF,
JERICHO COMICS & COLLECTIBLES CORP.